**Jimmy AMMONS, Plaintiff-Appellant,**

v.

**Billy Wayne BALDWIN, Defendant-Appellee.**

No. 82–4440
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 31, 1983.

Rehearing Denied July 18, 1983.

**1446**

---

Bonner & Birmingham, James L. Bonner, Olive Branch, Miss., for plaintiff-appellant.

Thomas E. Childs, Jr., Fulton, Miss., for defendant-appellee.

Before RUBIN, JOHNSON, and WILLIAMS, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

In this action against a Mississippi State Justice Court Judge, plaintiff contends the judge denied his constitutional rights in violation of 42 U.S.C. § 1983 (1976), by issuing a warrant for his arrest, verbally abusing and threatening him, and requiring him, on threat of incarceration, to pay court costs for himself and others involved in the events leading up to his court appearance. The federal district court dismissed the action because the state judge was protected by judicial immunity. Ammons appeals the denial of his motion to reconsider that dismissal. Finding that the ruling was within the federal judge's discretion, we affirm.

We recite the version of the facts most favorable to Ammons, as excerpted from his own brief and complaint. On February 9, 1982 at approximately 10:00 p.m., plaintiff Ammons and his friend Haygood were driving a pickup truck in DeSoto County, Mississippi. They parked the truck by the side of Mississippi State Highway 50 while taking a "rest stop." A late-model automobile struck the pickup truck, damaging its left side and door.

Although Ammons and Haygood pursued the automobile, they were unable to overtake it. They continued, however, to investigate the incident. They communicated with an Olive Branch, Mississippi police officer who advised them to file a hit-and-run complaint in the Justice Court. At the police officer's suggestion, Ammons and Haygood left for the residence of Judge Baldwin, a Mississippi State Justice Court Judge, to file such a complaint. The police officer contacted the judge by radio, however, and he left for his courtroom before Ammons and Haygood arrived. By 10:30 p.m., Ammons had concluded that the driver of the offending automobile was Nick Sapp. Ammons met Judge Baldwin at the courtroom and executed a hit-and-run affidavit against Sapp. Judge Baldwin then issued an arrest warrant for Sapp.

At approximately 12:15 of the same evening, Ammons alleges, Sapp knocked over Ammons' mailbox with an automobile. This prompted Ammons to return to Judge Baldwin's court to check on the status of the hit-and-run complaint against Sapp. The Deputy Sheriff of DeSoto County had, in the meantime, taken Sapp into custody.

Outside the courtroom, a man named Quitman Gadd appeared. He was carrying a large hunting knife in his pocket and he threatened Ammons and his friend Haygood. Shortly after this exchange, the Sheriff's Deputy ordered all inside the courtroom for a hearing on the hit-and-run complaint. It was 12:45 a.m.

The complaint alleges that as Ammons entered the courtroom he observed a number of people drinking "various forms of intoxicating liquor." It appeared to him that a party had just taken place in the courtroom. The behavior of those in the courtroom was "unusual" and "various degrees of profanity, obscenity, and other verbal abuse were openly demonstrated" by Judge Baldwin in the presence of Ammons and others. Judge Baldwin verbally abused Ammons, humiliating and embarrassing him. He threatened Ammons with bodily harm if Ammons opened his mouth.

The judge instructed Sapp and his companion, Renee Watkins, to execute affidavits charging Ammons with simple assault and Haygood with aggravated assault with a deadly weapon. He then threatened to incarcerate all of the parties involved, in-

cluding Sapp and Watkins, unless Sapp, Ammons, and Haygood paid him the sum of $300. This amount represented court costs of $100 per charge on each of the three charges filed that night. Ammons made arrangements for his father-in-law to pay all of this in cash because the others had no money and Baldwin would not accept a check.

Ammons' complaint alleged that Baldwin lacked jurisdiction over the aggravated assault charge against Haygood because the charge was a felony. It also charged that Judge Baldwin violated Mississippi statutes in exacting the $300 in court costs, and deprived Ammons of his constitutional rights by humiliating, embarrassing and threatening him.

Apparently treating the issue before him as a motion to dismiss, and without reference to the motion for summary judgment pending before him, the district court dismissed the complaint with prejudice on the ground of judicial immunity. The court found that Baldwin's actions were taken under authority of his office as Justice Court Judge and that Baldwin had jurisdiction over the offenses at issue, including Sapp's charge of simple assault against Ammons, based on Miss.Code Ann. § 97–3–7(1)(b). He also ruled that Ammons' allegation concerning Baldwin's violation of Mississippi law in imposing court costs did not state a federal cause of action.

Ammons then filed a motion to reconsider. When this motion was denied, Ammons noticed an appeal from this ruling.

■ The only issue now before us, therefore, is whether the district court correctly denied Ammons' motion for reconsideration. Because the motion was filed more than ten days after the district court dismissed his complaint, it was untimely as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). Therefore, we treat the motion as one for relief from the judgment under Fed.R.Civ.P. 60(b). A timely appeal may be taken from the denial of such a motion, but our review is limited to determining whether there was an abuse of the district court's discretion. The denial

of such a motion does not bring up the underlying judgment for review. *See Browder v. Director, Department of Corrections,* 434 U.S. 257, 263, n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521, 530 n. 7 (1978); *Phillips v. Insurance Co. of North America,* 633 F.2d 1165, 1167 (5th Cir.1981).

■ The district court did not abuse its discretion in denying Ammons' motion to reconsider. A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in a judicial role. *Supreme Court of Virginia v. Consumers Union,* 446 U.S. 719, 734–35, 100 S.Ct. 1967, 1976, 64 L.Ed.2d 641, 655 (1980); *Brewer v. Blackwell,* 692 F.2d 387, 395 (5th Cir.1982). This immunity extends to Justices of the Peace. *Id.* (citing *Turner v. Raynes,* 611 F.2d 92 (5th Cir.), *cert. denied,* 449 U.S. 900, 101 S.Ct. 269, 66 L.Ed.2d 129 (1980)). It shields the judge or justice unless he acts either in the clear absence of all jurisdiction over the subject matter or in a nonjudicial capacity. *Brewer v. Blackwell,* 692 F.2d at 396.

■ We have established a four-part test to determine whether an act is sufficiently judicial to warrant immunity. We inquire whether: (1) the offending action is a normal judicial function; (2) it occurred in the judge's courtroom or chambers; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose "directly and immediately out of a visit to the judge in his official capacity." *Brewer v. Blackwell,* 692 F.2d at 396 (*citing Harper v. Merckle,* 638 F.2d 848, 858 (5th Cir.), *cert. denied,* 454 U.S. 816, 102 S.Ct. 93, 70 L.Ed.2d 85 (1981)).

■ The record clearly demonstrates that Judge Baldwin's actions in issuing the arrest warrant and requiring Ammons to pay court costs were protected by judicial immunity. These actions fully satisfy each part of the test set forth in *Brewer.* The allegations that Judge Baldwin verbally abused and humiliated Ammons also describe immune conduct. Judge Baldwin used the challenged language in an effort to conduct the hit-and-run hearing. That

Baldwin may have chosen words that few judges would use does not lessen the judicial character of the proceeding.

Ammons' claim that Judge Baldwin threatened to abuse him physically, however, charges conduct that is not protected by judicial immunity. Even this conduct meets the last three criteria set forth in *Brewer.* But the threat of physical abuse is clearly not a normal judicial function.

In *Gregory v. Thompson,* 500 F.2d 59, 64 (9th Cir.1974), the Ninth Circuit held that a judge was not entitled to immunity for using physical force to remove from the courtroom a person who refused to leave voluntarily. The threat of physical force, like its actual application, strays too far from the normal conduct of a judge to enjoy immunity. We recognize judicial immunity because "judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288, 294 (1967). Refusing to extend that immunity to threats of physical harm is unlikely to inhibit fearless exercise of the judicial function.

However, "[e]ven in the field of constitutional torts *de minimis non curat lex.* Section 1983 is a tort statute. A tort to be actionable requires injury." *Bart v. Telford,* 677 F.2d 622, 625 (7th Cir.1982). In *Raymon v. Alvord Independent School District,* 639 F.2d 257 (5th Cir.1981), we held that some claims of constitutional deprivation were too minor to invoke effectively federal jurisdiction.

The only portion of Ammons' claim that is not defeated by the doctrine of judicial immunity is his assertion that Judge Baldwin threatened to harm Ammons physically if he opened his mouth or asked further questions of the judge. There is no assertion that Ammons was placed in fear of imminent harm, or that Baldwin took any actions indicating an immediate intent to carry out the alleged threats. The part of Ammons' claim that does not fail because of judicial immunity, therefore, fails because it does not allege an injury which rises to the minimal level required to invoke federal jurisdiction.

For these reasons, the judgment is AFFIRMED.