Donald ROSS, Plaintiff,

v.

Robert ARNOLD, Defendant.

Civ. A. No. 83–C–633.

United States District Court,
E.D. Wisconsin.

Dec. 22, 1983.

S.A. Schapiro, Milwaukee, Wis., for plaintiff.

Steven W. Celba, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The plaintiff, Donald Ross, has brought an action for damages under 42 U.S.C. § 1983 against Robert Arnold, the Walworth County Family Court Commissioner. Ross asserts that Judge Arnold denied him his Fourteenth Amendment right to due process of law. Arnold has moved to dismiss on the grounds of absolute judicial immunity. A motion to dismiss for failure to state a claim tests only the sufficiency of a complaint. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Further, a motion for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The allegations of the complaint, assuming them to be true, are as follows.

The plaintiff's wife brought an action for divorce in Branch III of the Family Court for Walworth County. On August 21, 1979, acting in his capacity as Family Court

Commissioner, Judge Arnold issued an "Order to Show Cause for Temporary Relief" in that pending divorce action. The order, among other things, directed Donald Ross to vacate his residence immediately upon service of the order and divorce papers. It also directed the Walworth County Sheriff to effect his removal from the home. The order was issued without notice to Ross and without an opportunity for Ross to be heard. This temporary restraining order was to remain in effect until August 27, 1979, when a hearing was scheduled before Judge Arnold.

Donald Ross refused to leave his home when the sheriff served the divorce papers on him later on August 21, 1979. Judge Arnold then orally instructed the sheriff to remove Ross from his residence and to "incarcerate plaintiff thereafter." Complaint ¶ 5.

■ The doctrine of judicial immunity is well recognized. Judges of courts of general jurisdiction are not liable in civil damages for their judicial acts, even when such acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. 349, 355–56, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978). The doctrine is fully applicable to suits, such as the present action, maintained under section 1983, *Pierson v. Ray*, 386 U.S. 547, 554–55, 87 S.Ct. 1213, 1217–18, 18 L.Ed.2d 288 (1967), and it extends to judges of every status in the judicial hierarchy, from magistrates to justices of the peace, to family court commissioners. *See Ammons v. Baldwin*, 705 F.2d 1445, 1447 (5th Cir. 1983); *Turner v. Raynes*, 611 F.2d 92, 93–97 (5th Cir.1980). The immunity conferred by this rule is forfeited only when the judge in question acts in a nonjudicial capacity or in the clear absence of all jurisdiction over the subject matter. *Stump*, 435 U.S. at 359–64, 98 S.Ct. at 1106–08.

■ The acts of Judge Arnold forming the basis of the complaint indeed are sufficiently judicial to warrant immunity. The written order of removal and the oral direction to remove and incarcerate the plaintiff are both actions having a judicial function; they were performed by Arnold in his capacity as a judicial officer and in a divorce action pending before him. *Cf. Harper v. Merckle*, 638 F.2d 848, 857–79 (5th Cir.1981) (judge acted out of personal motivation, using judicial office as an offensive weapon to vindicate personal objectives).

■ The real issue here is whether Judge Arnold acted in the "clear absence of all jurisdiction." *See Stump*, 435 U.S. at 357, 98 S.Ct. at 1105. The answer to that question is "no." The standard is one of subject matter jurisdiction. Traditionally, a judge's jurisdiction has been defined rather broadly in this context to prevent the issue of judicial immunity from hinging on nice questions of jurisdiction which can be some of the most difficult and embarrassing that a judicial officer may be called upon to consider. *See Jacobson v. Schaefer*, 441 F.2d 127 (7th Cir.1971) (discussing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1871)). Accordingly, a judge having subject matter jurisdiction is absolutely immune, even though his judicial action is in excess of his vested jurisdiction or is otherwise erroneous. *See Ryan v. Scoggin*, 245 F.2d 54, 58 (10th Cir.1957).

Family Court Commissioner Arnold does not act at his peril in the exercise of his jurisdiction. Whether his orders of removal and incarceration in this case were correct under Wisconsin law or indeed under the Constitution has no bearing on the defense of judicial immunity. In this case, Arnold had general subject matter jurisdiction over actions for divorce, and he exercised such jurisdiction in a divorce proceeding pending before him. He is absolutely immune from suit in this case.

Under Wisconsin law, he might well have acted in excess of his vested jurisdiction by ordering Ross to vacate his home without affording Ross prior notice and the opportunity to be heard. *See In Re Marriage of Sandy v. Sandy*, 106 Wis.2d 230, 316 N.W.2d 164 (1982). He also might have exceeded his jurisdictional authority in issu-

ing a contempt order imposing confinement without first referring the alleged showing of contempt to a court of record. *See* Wis.Stat. §§ 767.13(1)(b); 757.69(7); 767.40; 785.06.

Nevertheless, a judge will not lose his immunity because of a mere error in judgment even though the resultant act be in excess of the officer's jurisdiction. Judicial immunity has been universally approved "[d]espite the unfairness to litigants that sometimes results." *Stump*, 435 U.S. at 363, 98 S.Ct. at 1108. If the allegations of the complaint are true, Commissioner Arnold might well have erred. These errors, however, are not the type which would defeat the use of the defense of judicial immunity.

THEREFORE, IT IS ORDERED that the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is granted.