**Howard WACO, Plaintiff–Appellant,**

v.

**Gregory BALTAD, Defendant,**

**Raymond Mireles, Defendant–Appellee.**

No. 90–55683.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 1991 *.

Decided May 24, 1991.

Hugh R. Manes, Los Angeles, Cal., for plaintiff-appellant.

John A. Daly and Joan E. Hewitt, Chase, Rotchford, Drukker & Bogust, Los Angeles, Cal., for defendant-appellee.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before PREGERSON, BRUNETTI and T.G. NELSON, Circuit Judges.

PER CURIAM:

Howard Waco, a Los Angeles County public defender, appeals the district court's dismissal of his action for damages against California Superior Court Judge Raymond Mireles for failure to state a claim. Because the district court directed entry of final judgment as to Judge Mireles pursuant to Fed.R.Civ.P. 54(b), we have jurisdiction over Waco's appeal.[1] We reverse and remand.

■■■ We review de novo a district court's dismissal for failure to state a claim. *Noll v. Carlson*, 809 F.2d 1446, 1447 (9th Cir.1987). Dismissal is appropriate only if the plaintiff "can prove no set of facts which would entitle him to relief." *Gibson v. United States*, 781 F.2d 1334, 1337 (9th Cir.1986), *cert. denied*, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). The allegations in the complaint are taken as true and are construed in the light most favorable to the nonmoving party. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1989).

Judges are absolutely immune from section 1983 liability for damages only for their judicial acts and not for other administrative, legislative, or executive functions that they may perform. *Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988). An act is judicial when it is a "function normally performed by a judge [and the parties] dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 360, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978); *accord Ashelman v. Pope*, 793 F.2d 1072, 1075–76 (9th Cir.1986) (en banc).

Absolute immunity protects judges from liability for their judicial acts "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 356, 98 S.Ct. at 1104. If the act is judicial, judges are subject to liability only when they act in the clear absence of all jurisdiction. *Id.* at 356–57, 98 S.Ct. at 1105.

In his complaint, Waco alleged that after he failed to appear for the initial call of Judge Mireles's morning calendar, the judge, "angered by the absence of attorneys from his courtroom ... ordered [two police officers employed by the City of Los Angeles] ... to forcibly and with excessive force seize and bring" Waco into his courtroom. The police officers allegedly went into another courtroom, where Waco was representing another client, and forcibly dragged him out of that courtroom. Waco further alleges that the police officers slammed him into the walls, shouted obscenities at him, and slammed him through the doors into Judge Mireles's courtroom.[2]

In support of his argument that Mireles's act was not judicial, Waco cites *Gregory v. Thompson*, 500 F.2d 59 (9th Cir.1974). In *Gregory*, this court held that when judges themselves use physical force to preserve order, they are not entitled to absolute immunity, although they may be entitled to a defense of qualified immunity. 500 F.2d at 61, 64–65 (judge asked person to leave his courtroom and, after person refused, judge physically removed him). Although the *Gregory* judge would have retained his absolute immunity if he had directed a sheriff to remove the person, he lost his immunity because he performed an act "similar to that normally performed by a sheriff or bailiff." *Id.* at 65. This court suggested that a judge also could lose his immunity if he directed a sheriff or bailiff to use excessive force. *Id.* at 65 n. 6 (dictum); *accord Ammons v. Baldwin*, 705 F.2d 1445, 1448 (5th Cir.1983) (judge's threat to use physical force on litigant "strays too far from the normal conduct of a judge to enjoy immunity") (citing *Gregory*, 500 F.2d at 64), *cert. denied*, 465 U.S.

1. Waco's action against police officers Baltad and Titiriga is still pending in district court.

2. In his complaint, Waco states that the defendants knew or should have known that his only case before Judge Mireles involved a client, Johnny Lee Smith, who was in the custody of the Sheriff's Department. According to Waco, the Sheriff's Department had failed to bring Smith to court that morning and was unable to deliver him until 1:30 p.m.

1006, 104 S.Ct. 999, 79 L.Ed.2d 232 (1984); *see also Rosenthal v. Justices of the Supreme Court of California,* 910 F.2d 561, 566 (9th Cir.1990) (cites *Gregory* as an example of when a judge's conduct is not a judicial act), *cert. denied,* —— U.S. ——, 111 S.Ct. 963, 112 L.Ed.2d 1050 (1991).

Judge Mireles would retain his absolute immunity if he merely directed the officers to bring Waco to his courtroom without directing them to use excessive force. *Gregory,* 500 F.2d at 64–65 & n. 6. Here, however, Waco alleges that the judge "ordered [the police officers] to forcibly and with excessive force" bring Waco into his courtroom. If Judge Mireles requested and authorized the use of excessive force, then he would not be acting in his judicial capacity. *Id.* Taking the allegations in Waco's complaint as true, we cannot say that he can prove no set of facts in support of his claim. *See Love,* 915 F.2d at 1245; *Gibson,* 781 F.2d at 1337. Accordingly, we reverse the judgment of the district court.

Reversed and remanded.