**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-11220

(Summary Calendar)
_____

ROBERT EDWARD BRATTAIN,

Plaintiff - Appellant,

versus

JIM SPURGER, Detective; PAMELA BENSON, Judge;
CITY OF BALCH SPRINGS, TEXAS; CITY OF
HUTCHINS, TEXAS,

Defendants - Appellees.

_____

Appeal from the United States District Court
For the Northern District of Texas
(3:97-CV-1275-X)

_____

April 2, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Robert Edward Brattain, Texas prisoner #603113, appeals the
dismissal of his civil rights complaint as frivolous pursuant to 28
U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).  Brattain argues that

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Judge Benson is not protected by judicial immunity because the warrant was an evidentiary search warrant issued pursuant to TEX. CODE CRIM. P. art. 18.02(10), and Judge Benson was not authorized to issue such a warrant. Contrary to Brattain's contentions, however, Judge Benson was authorized to issue the warrant, which was issued to search for a handgun used to commit a crime and therefore was not an evidentiary warrant. *See* TEX. CODE CRIM. P. art. 18.02(9) (authorizing issuance of search warrant for "implements or instruments used in the commission of a crime"). Thus, Judge Benson's issuance of the warrant was therefore protected by judicial immunity. *See Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (quoting *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978)); *Ammons v. Baldwin*, 705 F.2d 1445, 1447-48 (5th Cir. 1983) (holding that judge was immune for issuing arrest warrant). We accordingly AFFIRM the dismissal of Brattain's claims against Judge Benson.

With respect to the remaining defendants, Brattain argues that the district court erred in dismissing his claims in light of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). Construing Brattain's complaint as seeking monetary damages "for his arrest

and prosecution for the misdemeanor offense, and the subsequent revocation of his parole" the district court held that his claim called into question the legality of his confinement and were therefore barred by *Heck*. Brattain contends that the district court misunderstood his complaint, which he claims seeks damages for the unconstitutional issuance and execution of the search and arrest warrant that resulted in his arrest. Although attacking the validity of a parole revocation proceeding must satisfy *Heck*, *see Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995), "a claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the arrest." *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995); *Montoya v. Scott*, 65 F.3d 405, 421 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1417, 134 L. Ed. 2d 542 (1996) (noting the "established rule that illegal arrest or detention does not void a subsequent conviction"). Liberally construed, Brattain's *pro se* complaint and answers to the magistrate's questionnaire challenge the legality of his arrest, and the record does not clearly reflect whether this challenge, if successful, would implicate the validity of his conviction or parole revocation. We accordingly VACATE the portion of the district court's dismissal invoking *Heck* and REMAND for further proceedings. Brattain's motion for the appointment of counsel on appeal is DENIED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART; MOTION DENIED.