United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40625
Summary Calendar

LEO ROGERS DUGAS,

                                        Plaintiff-Appellant,

versus

BILL PARKER, United States Bankruptcy Judge,

                                        Defendant-Appellee,

HUGH T. ECHOLS, SR.,

                                        Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-113-RHC
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

    Leo Rogers Dugas filed the instant suit in state court to

challenge the propriety of a bankruptcy order (the Order) issued

by United States Bankruptcy Judge Parker.  Judge Parker removed

the suit to federal court and filed a motion to dismiss it based

on, inter alia, his contention that the suit was barred by

absolute judicial immunity.  Dugas filed a motion to remand the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case to state court, and he argued that Judge Parker's lack of jurisdiction to issue the Order deprived the federal courts of jurisdiction over the instant suit. Dugas moved to recuse the district court judge, arguing that the district court's prior affirmance of the Order showed that it could not be impartial in the instant matter.

The district court granted Judge Parker's motion to dismiss and denied Dugas's motions for remand and recusal. The district court sua sponte issued a sanction against both Dugas and his attorney, Hugh T. Echols, Sr., after finding that they had acted in bad faith and had filed frivolous, vexatious pleadings.

Dugas argues that the district court erred in granting Judge Parker's motion to dismiss because Judge Parker was wholly without jurisdiction to issue the Order. This argument is frivolous. The Order was a judicial act, and Judge Parker was not wholly without jurisdiction to grant it. Judge Parker was thus entitled to absolute judicial immunity, and the district court did not err by granting his motion to dismiss. See Mireles v. Waco, 502 U.S. 9, 12-13 (1991); Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983).

The district court did not err in determining that it had jurisdiction over the instant suit and denying Dugas's motion to remand. See 28 U.S.C. § 1442. The district court likewise did not err in denying Dugas's motion to recuse, as this motion was based on a prior adverse ruling. See Liteky v. United States,

510 U.S. 540, 555 (1994). Dugas's arguments to the contrary are wholly lacking in merit, as are his arguments concerning the propriety of the district court's grant of Judge Parker's motion to dismiss Dugas's suit. Dugas's appeal is DISMISSED AS FRIVOLOUS to the extent he challenges the district court's dismissal of his suit and its denial of his motions to remand and for recusal. See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Finally, Dugas and Echols argue that the district court erred in invoking its inherent power to sua sponte sanction them. Their arguments on this issue are unavailing. The district court did not abuse its discretion in sanctioning Dugas and Echols. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991); Toon v. Wackenhut Corrections Corp., 250 F.3d 950 (5th Cir. 2001). The judgment of the district court imposing a sanction upon Dugas and Echols is AFFIRMED.

This court has previously warned Dugas that he could be sanctioned if he persisted in filing frivolous motions, suits, or appeals. Because Dugas did not heed this warning, he is ORDERED to pay a sanction in the amount of $500, payable to the Clerk of this Court. See 5TH CIR. R. 3. The Clerk of this Court and the clerks of all federal district courts within this Circuit are directed to refuse to file any civil complaint or appeal by Dugas unless Dugas submits proof of satisfaction of this sanction. If Dugas attempts to file any further notices of appeal or original

proceedings in this court without such proof, the clerk will docket them for administrative purposes only.  Any other submissions that do not show proof that the sanction has been paid will neither be addressed nor acknowledged.  Dugas is WARNED that filing additional frivolous motions, suits, or appeals will invite the imposition of an additional, harsher sanction.

APPEAL DISMISSED IN PART AS FRIVOLOUS; SANCTION ORDER OF THE DISTRICT COURT AFFIRMED; $500 MONETARY SANCTION IMPOSED ON APPELLANT DUGAS; FURTHER SANCTION WARNING ISSUED.