United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 9, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 02-31169
Summary Calendar**

_____

**IRMA J. JOHNSON,**

**Plaintiff-Appellant,**

**versus**

**SEARS ROEBUCK & COMPANY,**

**Defendant-Appellee.**

_____

**Appeal from the United States District Court
for the Western District of Louisiana
01-CV-2714**

_____

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Irma Johnson appeals the summary judgment awarded Sears Roebuck & Company against her employment discrimination claim (employee's religious practice) under Title VII, 42 U.S.C. § 2000e *et seq.*, and the denial of her motion for sanctions, pursuant to FED. R. CIV. P. 37(a)(4)(A), for Sears' conduct regarding discovery.

A summary judgment is reviewed *de novo*. *E.g.* ***Weber v. Roadway Express, Inc.***, 199 F.3d 270, 272 (5th Cir. 2000). "Summary judgment shall be entered in favor of the moving party, if the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record, taken as a whole, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* The denial of Rule 37 sanctions is reviewed only for abuse of discretion. *E.g., Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir.), *cert. denied*, 123 S. Ct. 105 (2002).

Johnson was not hired as a stocker by Sears because of her refusal, based on her religious beliefs, to wear pants. The district court held that Sears could not reasonably accommodate Johnson's beliefs without undue hardship on its business. *See* 42 U.S.C. § 2000e(j). Having reviewed the record and the parties' briefs, the summary judgment was properly granted, essentially for the reasons stated by the district court.

The district court did not abuse its discretion in denying Johnson's Rule 37 (a)(4)(A) sanctions motion.

*AFFIRMED*