**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 10, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 04-30561
Summary Calendar

TISHA C. LENSEY,

Plaintiff-Appellant,

versus

CITY OF SHREVEPORT; JAMES N. ROBERTS, JR., Individually & In His
Capacity as Chief of Police,

Defendants-Appellees.

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(5:02-CV-173)**

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Officer Tisha Lensey appeals, *pro se*, the adverse judgment for her sexual and racial discrimination claims against the City of Shreveport and James Roberts, the City's former Chief of Police. Officer Lensey contends the district court erroneously: denied her motion for judgment as a matter of law (JMOL); failed to differentiate in the jury instructions between damages for pain, suffering, and embarrassment and those for mental distress; and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied her motion under FED. R. CIV. P. 37 for default judgment against Chief Roberts.

In December 2000, Officer Lensey, a black female patrol officer with the City's Police Department, was placed on administrative leave pending an investigation by the Department's Internal Affairs Bureau (IAB) into her off-duty arrest by the Bossier City police for interfering with an investigation. The IAB report concluded Officer Lensey had violated the Department's regulations for conduct unbecoming an officer and abuse of position. After reviewing the IAB report, Assistant Chief of Police Jim Herring, Officer Lensey's direct superior, submitted a memorandum to Chief Roberts recommending Officer Lensey's employment be terminated. After holding a pre-disciplinary conference and reviewing the IAB report and Assistant Chief Herring's recommendation, Chief Roberts terminated Officer Lensey's employment. Chief Roberts found: Officer Lensey's uncooperative and disrespectful attitude towards the Bossier City Police Department during its investigation and her arrest reflected poorly on the Shreveport Police Department; and Officer Lensey had abused her position to obtain a copy of the Bossier Police report detailing the incident and her arrest. (Officer Lensey's employment has since been reinstated, with back-pay, pursuant to a separate state-court action. *See Lensey v. City of Shreveport Mun.*

*Fire and Police Civil Serv. Bd.*, 839 So. 2d 1032 (La. Ct. App. 2003)).

Officer Lensey filed this action in district court against the City and Chief Roberts, seeking compensatory damages for pain and suffering and punitive damages for violations of 42 U.S.C. § 1981 and Louisiana statute. Officer Lensey claimed: while working at the Department, she was unlawfully discriminated against on the basis of sex and race and in retaliation for a discrimination compliant she had filed; and she was unlawfully terminated because of her race and her sex. Officer Lensey's pre-termination claims were dismissed on summary judgment; a two-day jury trial was held on her termination claims. (Officer Lensey was represented by counsel in district court.)

At the beginning of trial, Officer Lensey moved under FED. R. CIV. P. 37 for a default judgment against Chief Roberts. She claimed Chief Roberts lied when deposed by stating that another City police officer, a white male who had been arrested while off-duty, had cooperated with the police during his arrest. Several days before trial, Chief Roberts amended his deposition, clarifying that he had not reviewed the police officer's file before being deposed and had been mistaken: the police officer had not cooperated during arrest. After both parties submitted briefs, the district court ordered Chief Roberts to pay attorney's fees

incurred by Officer Lensey in making her Rule 37 motion, but did not enter default judgment against him.

At the close of Officer Lensey's evidence, Chief Roberts moved for JMOL pursuant to FED. R. CIV. P. 50 on the claims against him in his individual capacity, contending no individual liability could attach because he was not Officer Lensey's employer for § 1981 purposes. The motion was granted; Officer Lensey does not appeal this ruling.

At the conclusion of the City's evidence, Officer Lensey moved for JMOL. The district court took the motion under advisement and submitted the case to the jury, which rendered a verdict in favor of the City. Judgment against Officer Lensey was entered on 18 May 2004. She did not renew her JMOL motion post-trial and filed a notice of appeal on 8 June 2004.

Officer Lensey first contends the district court erred in denying her JMOL motion because there was sufficient evidence to support a judgment in her favor. The City replies Officer Lensey may not appeal the denial of this motion, even though taken under advisement, because she failed to renew it post-verdict. We assume, *arguendo*, that such failure does not preclude our review. A JMOL-denial is reviewed *de novo*. *E.g.*, **Bellows v. Amoco Oil Co.**, 118 F.3d 268, 273 (5th Cir. 1997), *cert. denied*, 522 U.S. 1068 (1998). Such denial must be affirmed unless "there is no legally sufficient evidentiary basis for a reasonable jury['s]" verdict.

4

FED. R. CIV. P. 50(a)(1); *e.g.*, *Lane v. R.A. Sims, Jr., Inc.*, 241 F.3d 439, 445 (5th Cir. 2001). Officer Lensey does not describe how, contrary to the jury's finding, she satisfies this standard.

Although Officer Lensey listed the jury instructions as being an issue, she fails to address this issue in the body of her brief. Therefore, any jury instruction issue is waived. *See* *United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000); *see also* FED. R. APP. P. 28(a)(9)(A).

Finally, Officer Lensey contends the district court erred in denying her Rule 37 motion for default judgment against Chief Roberts for his conduct during discovery. Denial of a Rule 37 motion is reviewed for abuse of discretion. *E.g.*, *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir.), *cert. denied*, 537 U.S. 883 (2002). Officer Lensey fails to demonstrate how the district court abused its discretion by awarding reasonable sanctions against Chief Roberts instead of a default judgment.

*AFFIRMED*