United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10902

UNITED STATES OF AMERICA,

Plaintiff,

versus

SHANGO H. ALVES;

Defendant

DOUGLAS C. GREENE

Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
No. 4:04-CR-70-2
--------------------

Before GARWOOD, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Before us is an appeal by an attorney of a sanction order issued by the district court under Rule 57.8(b) of the Local Criminal Rules for the Northern District of Texas. We have reviewed the record, and we find no abuse of discretion with respect to the $750 fine assessed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellant failed to appear before the district court for the scheduled arraignment of Appellant's client.  The record supports the district court's finding that both a fax and email transmission were sent to Greene's office as notification of the arraignment and that Appellant's office received those transmissions. Such notification by electronic transmission was a service that Appellant himself had selected.  Under Local Criminal Rule 57.8(b), the district court judge was authorized to take disciplinary action for Appellant's failure to comply with the order to appear and for conduct unbecoming of a member of the bar.

We note that this is not the first occasion a district court has sanctioned Appellant for a tardy appearance or failure to appear. Indeed, this very appeal was originally dismissed for want of prosecution.  In any event, our review is for abuse of discretion, *see U.S. v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003); *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002), and Greene has shown none.  Neither has he shown that the sanction amounts to a finding of criminal contempt.

The sanction is AFFIRMED.