United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 6, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10665
Summary Calendar

GEORGE INGRAM III, et al.,

Plaintiffs,

TIMOTHY W. SORENSON; JEFF FORREST SMITH,

Appellants,

v.

GLAST, PHILLIPS & MURRAY, A Professional Corporation; BUTLER
& BINION LLP, DEMPSEY PRAPPAS; STEVEN CLAUSEN; FRED TUTHILL;
LOUIS B. PAINE; RICHARD AVERY, Individually and as
liquidating partner of Butler & Binion LLP,

Defendants – Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 04-cv-2129

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This saga began in 1997 when George Ingram III, who is not a
party to this appeal, retained the law firm of Appellee Butler &
Binion LLP. By June of 1998, the firm discontinued legal services
because of nonpayment. To collect the unpaid fees, the firm
initiated arbitration, pursuant to an agreement between it and

---

[*] Pursuant to 5TH CIR. R. 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Ingram. Before arbitration began, Ingram filed a legal malpractice suit in state court against the firm and various attorneys who had worked on his matters. The state court stayed the suit and compelled arbitration. The dispute then was arbitrated over the course of several years. According to Appellants, the arbitration proceeding was dismissed in 2004. Several months thereafter, Ingram filed a suit in federal court against Appellees. Ingram retained Appellants Jeff Smith and Timothy Sorenson to represent him in this suit. On the eve of scheduled depositions and discovery deadlines, Ingram voluntarily dismissed his claims against Appellees.

Following dismissal, Appellees filed a motion for sanctions, seeking recovery of their costs, fees, and expenses, totaling approximately $200,000. The district court ordered an evidentiary hearing on the motion and ordered the parties to file and exchange exhibit and witness lists prior to the hearing. Appellants did not do so, but the court still permitted argument by Appellants. Pursuant to 28 U.S.C. § 1927 (2000) and the court's inherent powers, the district court imposed sanctions of attorneys' fees, costs, and expenses against Ingram's attorneys,, in the amount of $184,360.93. Smith and Sorenson, the Appellants, challenge the imposition of sanctions.

A district court's sanction order, premised on 28 U.S.C. § 1927 and its inherent powers to impose sanctions, is reviewed for

2

abuse of discretion. *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002). A court abuses its discretion to impose sanctions when a ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence. *Matta v. May*, 118 F.3d 410, 413 (5th Cir. 1997).

Appellants attempt to attack the award of sanctions for lack of due process. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks omitted). Here, the court gave Appellants notice of the evidentiary hearing and permitted each side one hour to present proof, even allowing Appellants to present testimony though they failed to produce witness or exhibit lists as was ordered by the court. The court not only afforded Appellants due process but also arguably went beyond what is required. *See Merriman v. Sec. Ins.,* 100 F.3d 1187, 1192 (5th Cir. 1996) (affirming the award of sanctions despite the fact that the district court did not conduct an evidentiary hearing because "due process does not demand an actual hearing"). Therefore, the court's imposition of sanctions was not in violation of due process.

Turning to the substance of the hearing, the district court provided lengthy and detailed reasons for imposing sanctions. For example, the evidence demonstrated that Ingram falsely reported a large amount of personal wealth to Butler & Binion LLP and that

3

Smith and Sorenson pursued the post-arbitration litigation knowing that it was a "complete sham."  Specifically, the court found that (1) Appellees had established bad faith conduct, improper motive, and reckless disregard of the duty owed to the court; (2) the "proceedings were multiplied both unreasonably and vexatiously;" (3) the case had "absolutely no basis;" and (4) "the entire case [was] meritless and frivolous."

The district court articulated sufficient reasons for imposing sanctions.  Section 1927 provides that "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927 (2000).  This Court has interpreted the provision as requiring evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court. *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998).  The court correctly found evidence of all three.  The court's findings also support the imposition of sanctions pursuant to its inherent power. *Batson v. Neal Spelce Assoc.*, 805 F.2d 546, 550 (5th Cir. 1986) ("[F]ederal courts possess inherent power to assess attorney's fees and litigation costs when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons.") (internal quotation marks omitted).

AFFIRMED.

4