# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2022

Lyle W. Cayce
Clerk

No. 19-20815

Michael Bourne,

*Plaintiff—Appellee*,

*versus*

Michael Gunnels, Lieutenant; Carlos A. Applewhite, Sergeant; Sascha Ford,

*Defendants—Appellants*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-515

Before Jones, Haynes, and Costa, *Circuit Judges*.

Per Curiam:*

Michael Gunnels, Carlos Applewhite, and Sascha Ford (collectively, "Defendants") appeal the district court's decision to revive a failure to intervene claim against them based on our decision in *Bourne v. Gunnels*, 921 F.3d 484 (5th Cir. 2019). For the following reasons, we REVERSE.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-20815

## I.     Background

Michael Bourne, a prisoner proceeding pro se, filed a lawsuit against several prison officials, including Defendants, after a 2014 prison incident involving the use of force.  He raised four claims: excessive force, failure to intervene, retaliation, and deliberate indifference regarding the conditions of his cell.

In its first decision relevant to this appeal, the district court granted Defendants' motion for summary judgment on all of Bourne's claims, including the excessive force claim which it found was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[1]  The district court reasoned that *Heck* precluded Bourne's excessive force claim because success on that claim would imply the invalidity of his disciplinary conviction.[2]

Alternatively, the district court concluded that Defendants were entitled to qualified immunity with respect to the excessive force claim because their use of force was objectively reasonable in light of clearly established law.  "Absent a showing that there was an excessive use of force," the court further determined that Defendants were entitled to qualified immunity on Bourne's related claim for a failure to intervene.[3]

Bourne appealed only the dismissal of his excessive force claim. *Bourne*, 921 F.3d at 487, 490.  We reversed and remanded after determining that *Heck* did not bar his excessive force claim and that Bourne had raised a

---

[1] This case bars 42 U.S.C. § 1983 lawsuits for damages that rely on a conclusion that a conviction or sentence was invalid, unless one or the other has been reversed, expunged, set aside, or something similar. *Heck*, 512 U.S. at 486–87.

[2] The district court also concluded that Bourne's request for money damages against Defendants in their official capacities was barred by the Eleventh Amendment.

[3] The district court likewise concluded that Defendants were entitled to qualified immunity for Bourne's retaliation and conditions of confinement claims.

genuine issue of material fact concerning Defendants' invocation of qualified immunity. *See id.* at 487, 491–93. In so holding, our opinion "place[d] no limitation on what matters the district court [could] consider, or what decisions it should make, on remand." *Id.* at 493.

During a post-remand hearing on pretrial matters, the district court explained that Bourne's retaliation and conditions of confinement claims were no longer part of the case because they had not been appealed. However, Bourne's failure to intervene claim "remain[ed] in the case because [the] grant of summary judgment was premised on" the failure of the excessive force claim.[4] In other words, since the resolution of the failure to intervene claim depended on the excessive force claim, the revival of the excessive force claim revived the related failure to intervene claim.

Bourne and Defendants filed a proposed joint pretrial order, which described the contested issues for trial as, inter alia, whether certain defendants were liable for excessive force and whether certain other defendants were liable as bystanders for failing to protect Bourne against the excessive use of force. Later, Defendants moved for leave to file an amended proposed joint pretrial order, explaining that the initial filing erroneously addressed Bourne's failure to intervene claim. They argued that the district court's original determination that the failure to intervene claim was barred by qualified immunity still stood because it had not been appealed. Reconsideration of this claim was thus precluded by the law of the case and waiver doctrines.

The district court denied the motion for leave to amend the proposed pretrial order, concluding that neither the law of the case nor the waiver

---

[4] The district court also clarified that all Defendants were still in the case.

doctrine prevented consideration of Bourne's failure to intervene claim on remand.  Defendants timely appealed.

## II.    Jurisdiction and Standard of review

Our jurisdiction is generally limited to appeals from final decisions made by district courts.  28 U.S.C. § 1291.  But when a district court's denial of a qualified immunity claim turns on an issue of law, it is "an appealable 'final decision' within the meaning of . . . § 1291 notwithstanding the absence of a final judgment."  *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).  We conclude that the effect of the district court's ruling is a denial of qualified immunity, such that we have jurisdiction.

We review the district court's application of our remand order de novo, "including whether the law-of-the-case doctrine or mandate rule forecloses the district court's actions on remand."  *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012) (quotation omitted).  When considering whether a district court complied with a remand order, we must delineate the scope of the remand order at issue.  *See United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004).  Generally, "only those discrete, particular issues identified by the appeals court for remand are properly before the [district] court."  *Id.* (quotation omitted).

## III.    Discussion

Defendants argue that the district court lacked jurisdiction over the revived failure to intervene claim based on the law of the case and waiver doctrines.  Therefore, "the district court's earlier ruling granting summary judgment based on qualified immunity to [Defendants] still stands" regarding that claim.  We agree with that conclusion.

According to the law of the case doctrine, an issue that has been decided on appeal "may not be reexamined either by the district court on

remand or by the appellate court on a subsequent appeal."[5] *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002) (quotation omitted). When considering this doctrine, courts should also be mindful of the waiver doctrine, which generally forbids consideration of claims on remand if those claims could have been brought on appeal but were not. *Med. Ctr. Pharmacy v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011). More specifically, the mandate rule, a subset of the law of the case doctrine, "bars litigation of issues decided by the district court but foregone on appeal or otherwise waived." *Lee*, 358 F.3d at 321.

The mandate rule applies here. Bourne appealed only the dismissal of his excessive force claim, which was the only claim addressed by our previous decision. *Bourne*, 921 F.3d at 487, 490–93. Bourne waived the failure to intervene claim—he could have appealed the district court's dismissal of his failure to intervene claim based on its determination that Defendants were entitled to qualified immunity, but he did not. Accordingly, the mandate rule prevents the district court from reconsidering the failure to intervene claim on remand. *See Lee*, 358 F.3d at 321.

As for the "no limitation" language in our prior decision, when read in context, it does not change this analysis given that we were discussing and addressing only the excessive force claim—the sole claim that was appealed and considered. *See Bourne*, 921 F.3d at 490–93; *see also Tollett*, 285 F.3d at 364 (noting that a district court is required to "implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion

---

[5] The law of the case doctrine may be avoided, but only under exceptional circumstances, such as when: (1) materially different evidence is presented at a later trial, (2) an intervening change in law occurs, or (3) "the earlier decision is clearly erroneous and would work a manifest injustice." *Lee*, 358 F.3d at 320 & n.3 (quotation omitted). In this case, there are no allegations of exceptional circumstances.

and the circumstances it embraces" (quotation omitted)).  Because the scope of the remand order was limited to the excessive force claim, and Bourne waived any argument as to the related failure to intervene claim, the district court was deprived of jurisdiction to consider the failure to intervene claim. *See United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998) ("All other issues not arising out of this court's ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below.").

Accordingly, we REVERSE the district court's decision to revive the failure to intervene claim and REMAND to address the excessive force issues remaining in the case.[6]

---

[6] Because the sole remaining claim against Defendants Applewhite and Ford was the failure to intervene claim, they are dismissed from the lawsuit.  The same cannot be said for Defendant Gunnels, who may still be liable under Bourne's excessive force claim, which remains pending.