# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2023

Lyle W. Cayce
Clerk

———————

No. 21-50365

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DWAUN JABBAR GUIDRY,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-831

———————————————————————

Before GRAVES, HIGGINSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Dwaun Jabbar Guidry appeals the district court's order denying his successive habeas petition challenging his conviction under 18 U.S.C. § 924(c) in light of *United States v. Davis*, 139 S. Ct. 2319 (2019).    For the reasons stated herein, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 21-50365

## I.

While working as a police officer in Balcones Heights, Texas, Guidry was charged in two separate incidents while on duty. Those events were the sexual assault of five women at the police station and the rape of another woman in his patrol car after a traffic stop. Guidry was convicted by a jury in 2005 of (1) deprivation of rights under color of law by kidnapping in violation of 18 U.S.C. § 242; (2) deprivation of rights under color of law by aggravated sexual abuse in violation of 18 U.S.C. § 242; (3) carrying a firearm during and in relation to aggravated sexual abuse in violation of 18 U.S.C. § 924(c)(1)(A)(i); and (4) conspiring to deprive persons of their rights under color of law in violation of 18 U.S.C. § 241. Guidry was sentenced to a total of 465 months imprisonment: 405 months on each of counts one and two, to be served concurrently; 60 months on count three, to be served consecutively to the sentence imposed on counts one, two and four; and 120 months on count four to be served concurrently with counts one and two. He was also sentenced to a total of five years of supervised release, five years concurrent on each of the first three counts, and three years concurrent on count four, restitution of $45,638, and a $400 mandatory assessment.

On direct appeal, this court affirmed Guidry's conviction on all four counts. *See United States v. Guidry*, 456 F.3d 493 (5th Cir. 2006). Guidry's initial habeas petition, which raised claims of ineffective assistance of counsel, was denied in 2008. Guidry later timely sought and was denied leave to file a successive petition in light of *Johnson v. United States*, 576 U.S. 591, 597-98 (2015), and *Welch v. United States*, 578 U.S. 120, 135 (2016).

No. 21-50365

Of particular relevance here, this court granted Guidry permission in 2020 to file a successive 28 U.S.C. § 2255 motion to challenge his count three conviction under 18 U.S.C. § 924(c) in light of *Davis*, 139 S. Ct. 2319. ECF 19-51147, 17. The district court denied Guidry's motion in part and dismissed without prejudice in part. The district court also granted a certificate of appealability (COA) as to Guidry's § 924(c) claim. Guidry then filed this appeal.

## II.

Guidry asserts that the district court erred in denying his challenge to his conviction under 18 U.S.C. § 924(c)(3)(A) based on *Davis*, 139 S. Ct. 2319. Guidry asserts that his conviction under § 924(c)(1)(A)(i) of carrying a firearm during and in relation to aggravated sexual abuse should be vacated for essentially two reasons: Because *Davis* concluded that the residual clause of § 924(c)(3)(B) is unconstitutionally vague; and because his predicate crime did not qualify as a COV under the elements clause of § 924(c)(3)(A).[1] However, Guidry's argument is foreclosed by the law of the case doctrine. *See Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002) (citation omitted) ("Under the law of the case doctrine, an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.").

In denying Guidry's motion for authorization to file a successive habeas petition in 2016, a panel of this court relied on *United States v.*

---

[1] Guidry also asserts that he was convicted under § 242, not § 2241(a).

*Williams*, 343 F.3d 423, 432 & n.5 (5th Cir. 2003) in concluding that "the crime charged in count two satisfied the requirements for a crime of violence as set out in § 924(c)(3)(A) without requiring resort to the residual clause of § 924(c)(3)(B)." ECF 16-50208, 47-2. Further, Guidry fails to argue for any exception to the law of the case doctrine. Thus, we will not reexamine this issue.

Accordingly, the order of the district court is AFFIRMED; and Guidry's pro se motion to correct the brief that was carried with the case is DENIED as moot.