# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2026

Lyle W. Cayce
Clerk

No. 25-10401
Summary Calendar

_____

Blacks in Technology International

*Plaintiff*,

*versus*

Gregory Greenlee; Dennis Schultz; Blacks in Technology, L.L.C.,

*Counter-Defendants—Appellees*,

*versus*

Peter Beasley,

*Counter-Claimant—Appellant*,

consolidated with

_____

No. 25-10411

_____

Peter Beasley,

*Plaintiff—Appellant*,

*versus*

GREGORY GREENLEE; DENNIS SCHULTZ; BLACKS IN
TECHNOLOGY, L.L.C.; BLACKS IN TECHNOLOGY FOUNDATION;
DWAYNE THOMAS; LARRY DAVIS; RONDALYNNE MCCLINTOCK;
ROBERT HOWARD; OHIO SECRETARY OF STATE,

*Defendants—Appellees.*

_____

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 3:20-CV-3008, 3:22-CV-532

_____

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges.*

PER CURIAM:[*]

Peter Beasley, pro se, appeals the district court's dismissal of his counter-complaint raising claims of a civil conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO),[1] as well as state-law tort claims, filed against Gregory Greenlee, Dennis Schultz, and Blacks in Technology, L.L.C. He also appeals from the dismissal of virtually identical claims raised in a second lawsuit against the same parties, and his appeals have been consolidated. Further, he requests leave to supplement the record on appeal, which is GRANTED.

First, Beasley challenges the district court's dismissal of his counter-complaint in the first lawsuit pursuant to a motion for judgment on the pleadings. *See* FED. R. CIV. P. 12(c). However, even if Beasley is correct that the motion was premature, the district court did not abuse its "broad discretion in controlling its own docket" by considering it. *Edwards v. Cass County*, 919 F.3d 273, 275 (5th Cir. 1990); *see also Klocke v. Watson*, 936 F.3d

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] *See* 18 U.S.C. § 1964(c).

240, 243 (5th Cir. 2019).  Further, the district court was authorized to dismiss Beasley's claims against Schultz sua sponte even though he had not answered Beasley's counter-complaint.  *See Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007).

Next, Beasley challenges the district court's denial of his motions to amend his pleadings in both lawsuits.  Beasley does not explain, nor is it apparent, how he would have amended his complaint and counter-complaint to state a valid civil RICO claim.  *See Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017).  Thus, he has not demonstrated that the district court abused its discretion by denying leave to amend his pleadings.  *See Avatar Expl., Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320-21 (5th Cir. 1991).

Beasley also challenges the district court's dismissal of the second lawsuit pursuant to the defendants' Rule 12(c) motion, incorrectly asserting that he could sustain a RICO claim without an allegation that the defendants' fraudulent activity was the but-for cause of his tangible financial harm.  *See Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606-07 (5th Cir. 1998) (per curiam).  The district court did not err by rejecting Beasley's "conclusory allegations, unwarranted factual inferences, [and] legal conclusions."  *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal quotation marks and citation omitted).  Moreover, he does not meaningfully challenge the district court's conclusion that his allegations of personal harm were too vague to demonstrate but-for cause.

Additionally, Beasley has not demonstrated that the district court abused its discretion by declining to exercise supplemental jurisdiction over his state-law claims in the first lawsuit.  *See Heggemeier v. Caldwell County*, 826 F.3d 861, 872 (5th Cir. 2016) (per curiam).  To the extent that Beasley asserts that he should have been allowed to amend his counter-complaint to replead his state law claims as arising under diversity jurisdiction, he has not

explained how he would satisfy the requirements of 28 U.S.C. § 1332(a). *See Edionwe*, 860 F.3d at 294.

Finally, Beasley challenges the district court's administration of both lawsuits, arguing that it exhibited bias against him in its decisions to deny several of his requests for relief, including his motions for sanctions pursuant to 28 U.S.C. § 1927, his motion seeking to recuse the district court judge, and his constitutional challenge to Local Rule 16.1. Beasley fails to show that the district court's denial of his motions for sanctions was based on an erroneous view of the law or a clearly erroneous view of the evidence; accordingly, he has not demonstrated an abuse of discretion. *See Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir. 2002). Further, Beasley has not demonstrated that the district court erred by denying his motion to declare Local Rule 16.1 unconstitutional. *See Ashland Chem. Inc. v. Barco Inc.*, 123 F.3d 261, 263 (5th Cir. 1997).

As to the denial of his motion to recuse the district court judge, Beasley cites several adverse rulings that, he claims, show bias against pro se litigants. Contrary to his arguments, the district court's rulings were based on analysis of the law and facts and do not indicate bias by exhibiting "a high degree of antagonism." *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007). Therefore, the district court did not abuse its discretion by denying the recusal motion. *See id.* at 829.

The judgments of the district court are AFFIRMED.