**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 00-10201

---

JENNIFER M. TOON,

Plaintiff-Appellant,

versus

WACKENHUT CORRECTIONS CORPORATION;
MICHAEL WODKINS,

Defendants-Appellees.

---

No. 00-10206

---

KATHLEEN DOE, on behalf of Victoria Doe,

Plaintiff-Appellant,

versus

WACKENHUT CORRECTIONS CORPORATION;
JERRY DIAZ,

Defendants-Appellees.

---

No. 00-10234

---

AMY BARTON; ET AL,

                                                                          Plaintiffs,

AMY BARTON; LINDA HARDEN, Individually and as
Next Friend of AMY DOE, LAURIE OLVERA, IRIS
OROSCO,

                                                              Plaintiffs-Appellants,

                                       versus

WACKENHUT CORPORATION; ET AL.,
                                                                         Defendants,

WACKENHUT CORRECTIONS CORPORATION,

                                                              Defendant-Appellee.

_____

Appeals from the United States District Court
for the Northern District of Texas

_____

May 17, 2001

Before POLITZ, DeMOSS, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Plaintiffs' counsel appeal the district court's imposition of sanctions, which include a fine, a

prohibition on filing certain cases without leave of court, and a reduction of attorneys' fees provided

for in a contingency fee agreement. For the following reasons, we affirm.

                       FACTUAL AND PROCEDURAL BACKGROUND

The underlying cases in this appeal arose after several young girls were allegedly sexually,

physically, and mentally abused by employees of Wackenhut Corrections Corporation ("Wackenhut")

while residing in the Coke County Juvenile Justice Center ("CCJJC") in Bronte, Texas. Wackenhut

2

owned and operated the facility.

The claims were settled in mediation for $1,500,000. Wackenhut was to prepare the settlement papers by October 8, 1999, and wire transfer the settlement funds to plaintiffs' counsel by October 15, 1999. However, it failed to do so. Plaintiffs' counsel filed a motion to enforce the settlement agreement in each action. Wackenhut then moved to set aside the settlement and sought sanctions against plaintiffs' counsel. Wackenhut claimed that plaintiffs' counsel intentionally disclosed the terms of the settlement agreement to the public by not filing the motion to enforce under seal, in violation of a confidentiality provision in the settlement agreement. The unsealed motion exposed the terms of the settlement agreement and resulted in a newspaper article regarding the agreement.

The district court referred the matter to a magistrate judge. The magistrate judge found that plaintiffs' counsel acted in bad faith by failing to file the motion under seal. However, he recommended that the settlement agreement be upheld. He also recommended that plaintiffs' counsel be sanctioned in the amount of $133,000 for failing to take steps to prevent the unnecessary disclosure of the settlement terms. He stated that the money should be paid to the defendants for the additional costs, attorney's fees, and damage that they incurred as a result of the loss of their bargaining position in the mediation and that it should be taken from the portion of the settlement that was designated for attorney's fees. The magistrate judge also recommended that plaintiffs' counsel be precluded from representing any other plaintiffs in related claims against the defendants.

Plaintiffs' counsel filed objections to the magistrate judge's findings and recommendations. The district court rejected counsels' argument that they were released from their obligations under the settlement agreement to file any motions under seal. The court reasoned that counsels' filing of

3

the motion to enforce indicated that counsel believed the agreement to be valid and binding. Next, the court rejected counsel's claim that they researched the law pertaining to the filing of documents under seal and the effect of such law on their client's cases. The court then found that the actions of plaintiffs' counsel "were a direct abuse of the judicial system, and an affront to the Court." The district court stated that counsel failed to file the motion under seal "without any valid reason to violate the confidentiality provision, and knowing that filing under seal would be equally effective if their true desire was merely to have the Court enforce the Agreement."

The district court ultimately enforced the settlement and altered the sanctions as follows: (1) the court prohibited plaintiffs' counsel from representing any other plaintiffs against Wackenhut in cases arising from the subject matter of the underlying suits in this appeal without first obtaining leave of court; (2) the court ordered counsel to pay a $15,000 sanction to the district court; and (3) the court reduced counsel's contingency fee in the underlying cases from 40% to 30%. Plaintiffs' counsel now appeal the district court's ruling.

## DISCUSSION

"When a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." Carroll v. The Jaques Admiralty Law Firm, P.C., 110 F.3d 290, 292 (5th Cir. 1997). This Court reviews a district court's imposition of sanctions pursuant to its inherent powers for abuse of discretion. Natural Gas Pipeline Co. of America v. Energy Gathering, Inc., 86 F.3d 464, 467 (5th Cir. 1996). "Because of the potency of inherent powers and the limited control of their exercise, however, they must be used with great restraint and caution. The threshold for the use of the inherent power [to impose] sanction[s] is high." Id. The court must make a specific finding of bad faith.

4

Goldin v. Bartholow, 166 F.3d 710, 722 (5th Cir. 1999). Furthermore, "[i]f there is a reasonable probability that a lesser sanction will have the desired effect, the court must try the less restrictive measure first." Natural Gas Pipeline Co., 86 F.3d at 467.

Plaintiffs' counsel argue that the district court abused it discretion (1) in making no specific findings of bad faith; (2) in exceeding its authority by reducing the contingency fee agreement; and (3) in imposing excessive and over-reaching sanctions. We do not agree.

The district court made a specific finding of bad faith, and that finding is supported by the record. Plaintiffs' counsel intentionally filed the motion to enforce unsealed, exposing the terms of the settlement agreement to the public. Compounding their disregard of the confidentiality provision in the settlement agreement, one of the attorneys allowed himself to be quoted in a newspaper article exposing the settlement agreement.[1] Though they later attempted to defend their actions, counsel have wholly failed to articulate any plausible good faith explanation for their conduct. For example, counsel argue that they researched the relevant case law and determined that it was in their client's best interest to file the enforcement motion unsealed. Counsel state in their brief that their research "indicated that even in instances where a settlement agreement contains a mutual confidentiality provision, such provisions are not a valid basis for sealing documents and pleadings filed in civil proceedings." However, counsel have not pointed to one case standing for the proposition that even though there is a confidentiality provision in a settlement agreement, parties are precluded from filing

---

[1] The newspaper article was published on October 25, 1999, in the San Angelo Times and is entitled "Former inmates awaiting money from Wakenhut." The article discussed information divulged by plaintiffs' attorney, Don Schmidt, Jr., and quoted the following statement from him: "We filed a motion to protect our clients' interest." The article also appropriately noted, "This week's court filings provided the details of what would have remained a confidential settlement agreement reached during mediation four weeks ago."

5

a motion to enforce the settlement under seal. Also indicative of bad faith is the justification offered by plaintiffs' counsel to the district court that the public had a right to know about the conduct of Wackenhut's employees.

There is simply no good faith reason for counsel not to have filed the motion to enforce under seal given that the settlement agreement clearly required them to do so.[1] Moreover, after the parties had reached a settlement agreement but before plaintiffs' counsel filed the motion to enforce the agreement, opposing counsel reminded plaintiffs' counsel of the confidentiality provision in a letter. Specifically, counsel stated: "If it is your plan to address any additional issues with the Court, we would remind you that the settlement agreement signed in mediation expressly guarantees the confidentiality of the settlement amount and the terms of the settlement."

It is clear from our review of the record that confidentiality was at the heart of the settlement agreement. The agreement encompassed very delicate claims, and maintaining the confidentiality of the sensitive nature of the plaintiffs' allegations was a preeminent concern for both sides of the litigation. Notwithstanding their averments that their behavior was appropriate and in the best interests of their clients, in reality, plaintiffs' counsel simply engaged in self-help albeit under the guise of seeking judicial intervention. Even if they lacked unsavory motives to sensationalize this case, plaintiffs' counsel have offered no credible justification for their conduct. Moreover, there is unfortunately no cure for the breach of the confidentiality agreement, which has been exposed to the public. We have no doubt that counsel were aware of the irreparable and irreversible consequences of filing the motion to enforce unsealed. Accordingly, considering all of the evidence, we find that

---

[1] Section B of the confidential Memorandum of Settlement, which is partially handwritten and signed by representatives from both sides in this case, states: "This is a confidential settlement and all settlement documents will reflect such confidentiality provisions."

the district court's specific finding of bad faith is more than adequately supported by the record.

Furthermore, we do not find that the sanctions imposed by the district court were inappropriate. We agree with the district court that the prohibition on representing future plaintiffs, without prior court approval, against Wackenhut in cases regarding the subject matter of the underlying suits in this appeal is "narrowly tailored to ensure that . . . counsel do not benefit from their bad faith conduct, yet ensures that counsel may represent any clients legitimately obtained."

Moreover, plaintiffs' counsel have not demonstrated that the court abused its discretion in reducing the attorneys' fees. Plaintiffs' counsel argue that the district court was without jurisdiction to reduce the amount of attorneys' fees provided for in the contingency agreement because there was no case or controversy with respect to that agreement. Also, plaintiffs' counsel assert that the court was without authority to modify the agreement because it is a private contract between them and their clients.

Contrary to counsel's arguments, contingency fee agreements between attorneys and their clients are not completely beyond the reach of the courts. See, e.g., Hoffert v. Gen. Motors Corp., 656 F.2d 161, 165 (5th Cir. 1981). In Hoffert, wherein the district court reduced the amount of attorneys' fees below the percentage provided for in the contingency fee contract, we stated that "the district judge has broad equity power to supervise the collection of attorneys' fees under such fee arrangements." Id. Moreover, in response to the attorneys' jurisdictional argument that there was no case or controversy before the district court, we found that where an attorney "invokes the court's equitable power to approve a settlement agreement to di stribute the proceeds, the court must scrutinize the reasonableness of the contingent attorneys' fee contract which affects the net recovery to the plaintiff." Id. at 165 (citing Cappel v. Adams, 434 F.2d 1278, 1280-81 (5th Cir. 1981)).

7

In the present case, the district court reduced the percentage of attorneys' fees provided for in the contingency fee agreement pursuant to its inherent power to sanction the plaintiffs' attorneys for their conduct. Although Hoffert involved the reasonableness of a contingency fee contract, it established that a district court has some discretionary power with respect to such fee agreements, particularly where the parties present a settlement agreement to the court for its approval. Thus, we do not agree with plaintiffs' counsel that the contingency fee agreement, by its very nature, was beyond the district court's reach. Furthermore, we do not find, after carefully reviewing the entire record, that the district court abused its discretion in reducing the fees given counsel's deplorable conduct, which could have jeopardized their client's recovery.

Also, counsel have failed to show that the district court abused its discretion in ordering them to pay $15,000 in sanctions to the court. We do not find that this amount is excessive in light of counsel's conduct.

There is an outstanding motion by appellant Jennifer M. Toon to strike the appellee's brief. We deny that motion.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's imposition of sanctions against plaintiffs' counsel. The motion of appellant, Jennifer M. Toon, to strike the appellee's brief is DENIED.

AFFIRMED. MOTION TO STRIKE APPELLEE'S BRIEF DENIED.