UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50541
Summary Calendar

_____

In The Matter of: TIPS IRON & STEEL CO., INC.,

Debtor.

_____

TIPS IRON & STEEL CO., INC.; 300 BAYLOR, INC.,

Appellants,

versus

ARTHUR ANDERSON, L.L.P.,

Appellee.

_____

Appeals from the United States District Court
for the Western District of Texas
(A-01-CV-137-SS)

_____

January 31, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Claiming the fee applications submitted by Arthur Andersen, Inc. (Andersen), for performing accounting services for the bankruptcy estate of Tips Iron & Steel, Inc. (Tips), were excessive, unsubstantiated, and covered unnecessary services, 300 Baylor, Inc. (Baylor), asserts: the bankruptcy and district courts applied the wrong legal standard in reviewing those applications;

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

those courts erred by not reducing the requests more than they did; and the district court erred in awarding Andersen its attorney's fees and costs as a sanction for Baylor's appealing the bankruptcy court's order. **AFFIRMED**.

## I.

This appeal arises out of an involuntary Chapter 11 bankruptcy proceeding commenced by Baylor's principals against Tips. This bankruptcy case is related to Baylor's separate state court action, which resulted in a judgment: awarding it $2.6 million; and decreeing it the rightful owner of Tips. Upon obtaining that judgment, Baylor moved the bankruptcy court to appoint a trustee for Tips' reorganization. The bankruptcy court granted the motion, and the appointed trustee submitted an application to retain Andersen to perform accounting services for the estate. Although Baylor objected to the use of Andersen as too expensive, the bankruptcy court approved the trustee's request.

Andersen worked on the Tips project and subsequently filed fee applications. Baylor filed objections to the applications, even urging a "total denial of [Andersen's] fees and expenses". The bankruptcy court held two hearings on the objections. During those hearings, the court heard testimony from experts for Andersen and Baylor, as well as from a court-appointed expert. In its final order, the court: made detailed findings and conclusions concerning the fees; made substantial reductions (approximately 40

percent of the requested fee); and awarded fees of $83,880.33, plus expenses of $5,660.56.

Baylor appealed to the district court, including seeking sanctions against Andersen. Baylor maintained the bankruptcy court had failed to apply the correct legal standard, as established at 11 U.S.C. § 330(a)(1), in determining the fee. Section 330(a)(1) provides, in pertinent part:

> [T]he court may award to ... a professional person employed under section 327 or 1103–
>
> (A) *reasonable* compensation for *actual*, *necessary* services rendered by the ... professional person ...; and
>
> (B) reimbursement for *actual*, *necessary* expenses.

(Emphases added.)

In an extremely detailed and comprehensive opinion, ***Tips Iron & Steel Co., Inc. v. Arthur Andersen, L.L.P.***, No. A-01-CA-137-SS (W.D. Tex. 7 May 2001), the district court first held that what Baylor claimed was a challenge to the legal standard applied was, in reality, nothing more than a "challenge[] to the factual findings of the bankruptcy court and/or objection[] to the amount of fees awarded". The district court noted that, at the hearing on appeal, Baylor had repeatedly emphasized it had "no quarrel whatsoever" with the bankruptcy court's findings of fact. The district court then reviewed the amounts awarded by the bankruptcy court and found no abuse of discretion.

Moreover, the district court found Baylor's contentions about the fee award to be frivolous, offensive, and vexatious. Noting "that a district court has the power to impose sanctions for a frivolous bankruptcy appeal based upon either the inherent power of the judiciary or the statutory authority of 28 U.S.C. § 1927", *In re Sherk*, 918 F.2d 1170, 1178 (5th Cir. 1990), *abrogated on other grounds*, *Taylor v. Freeland & Kronz*, 503 U.S. 638 (1992), the district court ordered, as a sanction, that Baylor and its counsel pay Andersen's reasonable attorney's fees and costs for the appeal.

## II.

"While we review the bankruptcy court's findings of fact under the clearly erroneous standard, we review the ultimate award of fees under the abuse of discretion standard." *In re Anderson*, 936 F.2d 199, 203 (5th Cir. 1991). "An abuse of discretion arises where (1) *the bankruptcy judge fails to apply the proper legal standard* or follows improper procedures in determining the fee award, or (2) bases an award on findings of fact that are clearly erroneous." *In re Evangeline Refining Co.*, 890 F.2d 1312, 1325 (5th Cir. 1989) (emphasis added).

## A.

The precise merits issue that Baylor advances is less than clear. Baylor maintains it is challenging the legal standard applied by the district court — specifically, that the district court applied only an "actual" standard as opposed to the statutorily required "actual and necessary" standard. On the other

4

hand, the district court understood the challenge to be to the factual findings or the fee amount. Regardless, the bankruptcy court applied the proper legal standard, and the awarded fees are not based on clearly erroneous factual findings. Accordingly, the bankruptcy court did not abuse its discretion.

## B.

As for the district court's sanctioning Baylor and its counsel, we again review for abuse of discretion. *See* **FDIC v. Calhoun**, 34 F.3d 1291, 1297 (5th Cir. 1994) ("[S]anctions under ... § 1927 are reviewed under the abuse of discretion standard".); **Toon v. Wackenhut Corr. Corp.**, 250 F.3d 950, 952 (5th Cir. 2001) ("This Court reviews a district court's imposition of sanctions pursuant to its inherent powers for abuse of discretion."). To justify the use of the inherent sanctioning power, the district court "must make a specific finding of bad faith", **Toon**, 250 F.3d at 952, while use of § 1927 "require[s] a detailed finding that the proceedings were both 'unreasonable' and 'vexatious.'" **Calhoun**, 34 F.3d at 1297 (quoting 28 U.S.C. § 1927).[2] Finally, at least with respect to sanctions imposed under § 1927, "we do not substitute our

---

[2] 28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

5

judgment for that of the district court in enforcing acceptable standards of conduct". ***Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.***, 38 F.3d 1414, 1417 (5th Cir. 1994).

The district court did not abuse its discretion in awarding Andersen its reasonable attorney's fees and costs. The court made highly detailed and specific findings regarding the unreasonable and vexatious nature of Baylor's appeal from the bankruptcy court's order. After recounting the bankruptcy court's depiction of Baylor's objections as "conclusory and inflammatory" and "overstated to the extent that it reminds one of using a sledgehammer to kill an ant", the district court noted that Baylor "continued their harassing litigation tactics[,] filing an appeal riddled with misrepresentations and containing grounds for appeal that can best be described as frivolous". Requiring Baylor and its counsel to pay Andersen's reasonable attorneys fees and costs for that appeal was appropriate and was not an abuse of the district court's discretion.

### III.

For the foregoing reasons, the amended judgment (which includes the sanctions award) is

***AFFIRMED.***