In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 11-3030, 11-3163

IN RE:

TRANS UNION CORPORATION PRIVACY LITIGATION.

APPEALS OF:

JEFFREY BEADLE, *et al.*

MOTION BY:

WATTS GUERRA CRAFT LLP.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 4729, MDL No. 1350—**Robert W. Gettleman**, *Judge.*

SUBMITTED OCTOBER 14, 2011—DECIDED DECEMBER 27, 2011

Before POSNER, KANNE, and WOOD, *Circuit Judges.*

POSNER, *Circuit Judge.* Beginning in 1998, a number of class actions were filed charging the Trans Union credit-reporting agency with violating the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, by selling information in

its consumer credit files to advertisers without the consumers' authorization. The actions were consolidated for pretrial proceedings in the Northern District of Illinois and eventually settled for $75 million plus nonpecuniary relief, but not without producing satellite litigation over attorneys' fees. See, e.g., *In re Trans Union Corp. Privacy Litigation*, 629 F.3d 741 (7th Cir. 2011).

The present appeals are by class counsel from two orders of the district court. Only one of the appeals is germane to this opinion. It is from an order that approves settlements between Trans Union and members of the class who were permitted to and did file individual claims against the company in a Texas state court, and allows Trans Union, after paying the settlements, to be reimbursed out of the $75 million class settlement fund. Watts Guerra Craft, the law firm that represented the individual claimants, though it did nothing to create the fund out of which the settlements of its clients' claims will be paid, stands to receive from $10 to $15 million in attorneys' fees, and that money too will come out of the class settlement fund. Trans Union is to pay the settlement amounts into Watts's client trust account for disbursal to the claimants, minus the attorneys' fees specified in Watts's retainer agreements with them.

The appeal argues that class counsel should receive a portion of Watts's fees on the ground that class counsel contributed to the creation of the fund from which the fees will be paid. Before us at this time, however, are only a motion by Watts and class counsel's response. The

motion asks us to add Watts "to the docket in this appeal" because it is "a proper appellee," though it is not a party to the proceeding in the district court, did not seek intervention in that court, and has not asked to be allowed to intervene in this court. Class counsel do not oppose Watts's motion. Trans Union hasn't filed anything.

What's odd about this dispute between the two sets of lawyers is that the settlements negotiated by Watts with Trans Union settle suits (the suits by the individual claimants) that were brought in a Texas state court and not transferred. But Trans Union and Watts had agreed to submit those settlements for approval by the district court in Chicago; Trans Union wanted both the money for the settlements and Watts's fees to come out of the class settlement fund, rather than being a cost to Trans Union on top of the $75 million cost to it of the fund itself.

Watts doesn't want to give up any of its attorneys' fees, but at the same time doesn't want the district court or this court to question any of its fee arrangements with its clients. That is why it didn't become a party in the district court, which ruled that merely by participating in settlement negotiations related to the class action suit Watts "shall be not deemed to have subjected [itself] to the jurisdiction of this Court or any other federal court." Watts just wants to fend off class counsel's effort to take a bite out of its fees.

Watts is pursuing a heads I win, tails you lose, strategy. It wants to be an appellee so that it can defend its right

to obtain, from the fund, the full attorneys' fees that its clients (the individual claimants) agreed to pay it and that class counsel want to take a chunk out of; and an appellee is a party. But it doesn't want to be a party, so that, should class counsel prevail, the district court could not order Watts to disgorge some of the fees it's received from the settlement fund. Should class counsel prevail in its appeal, moreover, and the case be remanded to the district court for a determination of class counsel's entitlement to part of the fees that Watts has received, or will receive, from the fund, the court will have to make sure that this entitlement is not paid from the portion of the settlement fund earmarked for Watts's clients. When "an attorney invokes the court's equitable power to approve a settlement agreement to distribute the proceeds, the court must scrutinize the reasonableness of the contingent attorneys' fee contract which affects the net recovery to the plaintiff." *Toon v. Wackenhut Corrections Corp.*, 250 F.3d 950, 954 (5th Cir. 2001) (citation and internal quotations omitted); see also *In re A.H. Robins Co.*, 86 F.3d 364, 373 (4th Cir. 1996); *Garrick v. Weaver*, 888 F.2d 687, 690-91 (10th Cir. 1989). The district court approved the settlements but will have to revisit the issue of approval if class counsel prevails in this appeal.

We thus can't imagine what Watts's role in this appeal could be other than that of a party. That it did not ask for permission to intervene is of no consequence. Intervention isn't the only route for becoming a party. Nonparties in a trial court can participate as parties to the appeal without formal intervention if the outcome

of the appeal would be likely to determine (not just affect) their rights. *Devlin v. Scardelletti*, 536 U.S. 1, 7-12 (2002); *SEC v. Enterprise Trust Co.*, 559 F.3d 649, 651 (7th Cir. 2009); *SEC v. Forex Asset Management LLC*, 242 F.3d 325, 329-30 (5th Cir. 2001). If class counsel prevail in this appeal, money will be transferred from Watts to class counsel. Watts is asserting a right that the judgment on appeal may take away, and this gives it the right it seeks—the right to be an appellee, which means a party, but not a right to have its cake and eat it by preventing the district court from protecting Watts's clients.

Watts's motion, which we deem a motion to add it as a party to the appeal, is

GRANTED.