In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-2772

MICHAEL L. SHAKMAN, *et al.*,

*Plaintiffs-Appellees*,

*v.*

CLERK OF THE CIRCUIT COURT OF COOK COUNTY, *et al.*,

*Defendants*,

APPEAL OF: INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL UNION NO. 700

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:69-cv-02145 — **Sidney I. Schenkier**, *Magistrate Judge*.

ARGUED APRIL 15, 2020 — DECIDED AUGUST 12, 2020

Before MANION, HAMILTON, and BARRETT, *Circuit Judges*.

BARRETT, *Circuit Judge*. Many years ago, a class of plaintiffs sued the Clerk of the Circuit Court of Cook County, alleging that the Clerk was engaging in unlawful political patronage in violation of the First and Fourteenth Amendments of the Constitution. In 1972, the Clerk and the plaintiffs entered into

a consent decree that prohibited the Clerk from discriminating against the office's employees for political reasons, and in 1983, a separate judgment extended that prohibition to hiring practices.

Litigation has continued in the ensuing decades. In 2018, unconvinced that the Clerk's office had cleaned up its act, the magistrate judge appointed a special master to monitor the Clerk's compliance with the 1972 consent decree and the 1983 judgment order. As part of her effort to determine whether the Clerk was continuing to favor political allies in employment decisions, the special master sought to observe the conduct of the Clerk's office managers at employee grievance meetings. But the employees' union, Teamsters Local 700, didn't appreciate the scrutiny, and it sent the special master a cease-and-desist letter purporting to bar her from the room. In response, the plaintiffs sought a declaratory judgment clarifying that the 2018 supplemental relief order authorized the special master to observe the grievance meetings. The union—which was not a party to the suit and did not seek to become one—filed a memorandum opposing the plaintiffs' motion on the grounds that the 1972 consent decree didn't provide a basis for the supplemental relief order and that the special master's presence at the meetings violated both Illinois labor law and the union's collective bargaining agreement with the Clerk.

The magistrate judge agreed with the plaintiffs, and the union now appeals. Its principal argument is that the magistrate judge can't force the union to tolerate the special master because the union isn't a party to the suit. In addition to responding to the merits of this argument, the plaintiffs contend that we lack jurisdiction for two reasons. They assert that the

union cannot bring this appeal because it is not a party, and they say that the magistrate judge's declaratory judgment is not an appealable final judgment under 28 U.S.C. § 1291. We agree with the plaintiffs on the first point, so we need not address the second.

Party status is a jurisdictional requirement. *Felzen v. Andreas*, 134 F.3d 873, 878 (7th Cir. 1998), *aff'd by an equally divided Court sub nom. Cal. Pub. Emps.' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999). This rule is deeply ingrained in the case law. *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled."); *United States ex rel. Louisiana v. Boarman*, 244 U.S. 397, 402 (1917) (noting that the general bar against appeals by nonparties is "a subject no longer open to discussion"); *In re Leaf Tobacco Bd. of Trade of N.Y.C.*, 222 U.S. 578, 581 (1911) ("One who is not a party to a record and judgment is not entitled to appeal therefrom."); *Bayard v. Lombard*, 50 U.S. 530, 551 (1850) ("It is a well settled maxim of the law, that 'no person can bring a writ of error to reverse a judgment who is not a party or privy to the record.'" (citation omitted)); *Douglas v. W. Union Co.*, 955 F.3d 662, 665 (7th Cir. 2020).[1] It appears in many of the statutes governing our juris-

---

[1] The Supreme Court has clarified that the party-status requirement does not implicate Article III or prudential standing. *Devlin v. Scardelletti,* 536 U.S. 1, 6–7 (2002); *see also Gautreaux v. Chi. Hous. Auth.*, 475 F.3d 845, 850 n.1 (7th Cir. 2007) ("[T]he right of a nonparty to appeal the decision of the district court 'does not implicate the jurisdiction of the courts under Article III of the Constitution,' thus it is not an issue of 'standing.'" (citation omitted)). Although *Douglas* phrased its dismissal of the appeal in terms of standing, it correctly stressed that the appellant was not a party

diction, including the Magistrate Judges Act, which is applicable here. 28 U.S.C. § 636(c)(3) ("Upon entry of judgment in any case … an aggrieved *party* may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge …."(emphasis added)). And it is reflected in the Federal Rules of Appellate Procedure, which contemplate that only parties can invoke our jurisdiction. FED. R. APP. P. 3(c)(1)(A) (requiring a notice of appeal to "specify *the party or parties* taking the appeal by naming each one in the caption or body of the notice" (emphasis added)).

The union admits that it was not a party in the suit before the magistrate judge. Relying on *Devlin v. Scardelleti*, however, it argues that we must treat it as a party for purposes of the appeal. 536 U.S. 1 (2002). In *Devlin*, the Court held that an unnamed class member in a mandatory class action could appeal the district court's approval of a settlement because "nonnamed class members are parties to the proceedings in the sense of being bound by the settlement." *Id.* at 10. So too here, the union says—it is a party to the proceedings in the sense that it is bound by the magistrate judge's declaratory judgment. Like an unnamed class member, the union claims, it therefore has the right to appeal.

This argument is in considerable tension with the union's position that the declaratory judgment cannot bind it because it is *not* a party to the litigation. In any event, though, the union is not similarly situated to the unnamed class member in

to the suit and was not a "party" for the purposes of the appeal under any of the exceptions. 955 F.3d at 665; *see also infra* at 4–5 (discussing the narrow circumstances in which a nonparty below is treated as a party for purposes of appeal).

*Devlin*. A mandatory class action settlement "finally dispose[s] of any right or claim [an unnamed class member] might have" because it has preclusive effect on the members of the class. *Id.* at 9; *see also Taylor v. Sturgell*, 553 U.S. 880, 894 (2008) ("Representative suits with preclusive effect on nonparties include properly conducted class actions …."). And because an unnamed class member in a mandatory class action has "no ability to opt out of the settlement … appealing the approval of the settlement is [the class member's] only means of protecting himself from being bound by a disposition of his rights he finds unacceptable and that a reviewing court may find legally inadequate." *Devlin*, 536 U.S. at 10–11. None of this is true for the union, which is not a member of the plaintiff class in the action against the Clerk.[2]

The union didn't necessarily have to remain a bystander to the suit. It could have moved to intervene, and if the magistrate judge had denied the motion, the union could have appealed that order. *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 513 (1950) ("[A]n order denying intervention to a person having an absolute right to intervene is final and appealable."). Rather than intervening, though, the union simply filed a memorandum in opposition to the plaintiffs' motion for a declaratory judgment. While intervention would

---

[2] There are other narrow circumstances in which a litigant who is not a party below can be a party for purposes of appeal, but none are applicable here. *See, e.g.*, *In re Trans Union Corp. Privacy Litig.*, 664 F.3d 1081, 1084 (7th Cir. 2011) (holding that a law firm involved in a dispute over the distribution of attorney's fees from a settlement fund is a party to the appeal despite failing to intervene); *SEC v. Enter. Tr. Co.*, 559 F.3d 649, 652 (7th Cir. 2009) (extending *Devlin* to hold that a business's investors can appeal a receiver's decision to distribute the business's assets without formally intervening).

have clothed the union with party status, filing a memorandum did not. *See Gautreaux*, 475 F.3d at 852 ("Unfortunately, permitting CAC to participate in the proceedings by way of a formal motion led to a misapprehension on the part of that nonparty that it could appeal the district court's decision."). We lack jurisdiction unless a party invokes it, so this appeal is DISMISSED.