# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-10053
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2025

Lyle W. Cayce
Clerk

Edrick Fuller,

*Plaintiff—Appellant*,

*versus*

CIG Financial, L.L.C., *a California Limited Liability Company*; The Car Source, L.L.C., *Individually and as agent, apparent agent, servant and/ or employee of CIG Financial, doing business as Hide and Seek Recovery*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-1289

_____

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Edrick Fuller, appearing pro se, appeals the district court's dismissal of his civil action against CIG Financial, L.L.C. (CIG) and The Car Source, L.L.C. (Car Source) with prejudice. Fuller argues that the district court erred in dismissing his intentional infliction of emotional distress (IIED)

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

claim under Federal Rule of Civil Procedure 12(b)(6), denying his motion for sanctions against Car Source and CIG in part, and granting CIG and Car Source's motions for summary judgment. Fuller also indicates that he appeals the district court's grant of CIG's motion for a protective order; however, although we construe pro se briefs liberally, Fuller does not otherwise address the district court's ruling on the motion, and he has thus abandoned any challenge to the matter. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

First, we review a dismissal under Rule 12(b)(6) for failure to state a claim de novo. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). The "gravamen" of Fuller's IIED claim "[was] really another tort," and Fuller has produced nothing to show that defendants "inflict[ed] severe emotional distress in a manner so unusual that [he] ha[d] no other recognized theory of redress." *Hoffman-LaRoche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). The district court therefore did not err in finding that Fuller's IIED claim was not plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

Next, we "review a court's granting or denial of a motion for sanctions under an abuse of discretion standard." *Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 630 (5th Cir. 2014). The district court did not abuse its discretion in denying Fuller's request to impose sanctions under Federal Rule of Civil Procedure 11, as there is no evidence in the record that Fuller complied with Rule 11(c)(2). Fuller also fails to show that the district court abused its discretion in declining his request to impose monetary sanctions or enter a default judgment against Car Source and CIG for CIG's untimely service of a supplemental disclosure. *See* Fed. R. Civ. P. 37(c)(1); *Calsep A/S v. Dabral*, 84 F.4th 304, 311 (5th Cir. 2023); *Topalian v. Ehrman*, 3 F.3d 931, 937 (5th Cir. 1993). Further, the district court did not abuse its

discretion in declining to impose sanctions under the court's inherent power, as record evidence did not reflect that Car Source and CIG's alleged conduct rose to the level that "defiled" the "very temple of justice." *Goldin v. Bartholow*, 166 F.3d 710, 722–23 (5th Cir. 1999) (internal quotation marks and citation omitted). Fuller does not otherwise produce evidence of any conduct by the defendants regarding their compliance with procedural rules or requests for mediation that supported the requisite specific finding of bad faith. *See Toon v. Wackenhut Corr. Corp.*, 250 F.3d 950, 952 (5th Cir. 2001).

"Summary judgment rulings are reviewed de novo, with all facts and inferences construed in the light most favorable to the nonmoving party." *McCreary v. Richardson*, 738 F.3d 651, 654 (5th Cir. 2013). Regarding the district court's grant of Car Source and CIG's motions for summary judgment, the district court correctly determined that all of Fuller's claims, except for his claims under the Texas Debt Collection Act (TDCA), were time barred because he failed to file his lawsuit within the applicable limitations periods and he failed to produce sufficient evidence for a reasonable jury to find in his favor that he was entitled to equitable tolling. *See Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010); *United States ex rel. Portland Const. Co. v. Weiss Pollution Control Corp.*, 532 F.2d 1009, 1013 (5th Cir. 1976). For the TDCA claims, the court correctly found that Fuller failed to produce sufficient evidence for a reasonable jury to find in his favor for his alleged damages. *See Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 30-31 (Tex. App. 2000); *City of Bishop v. S. Texas Elec. Co-op., Inc.*, 577 S.W.2d 331, 336 (Tex. App. 1979).

Fuller also asserts a myriad of new allegations against Car Source and CIG for the first time on appeal. We will not consider new factual allegations or evidence presented for the first time on appeal, *see Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999), nor will we permit a party to

No. 24-10053

present a new theory of relief on appeal, *see Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

The district court's judgment is AFFIRMED.